UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOMODE ELIE GETTY | |
| Plaintiff, | 23-CV-11190 (LTS) |
| -against- | ORDER OF DISMISSAL |
| NATIONAL OIL CORPORATION LIBYA; HONEYWELL | WITH LEAVE TO REPLEAD |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated December 27, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the action, but grants Plaintiff 30 days' leave to amend his complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when it lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted),

has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)*.* In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* at 678. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jamode Elie Getty alleges that he is the CEO and founder of Murzuq Oil in Libya and Murzuq Oil and Gas company, which appears to be an American branch of Murzuq Oil. (ECF 1 at 21.) He brings this action against National Oil Corporation of Libya ("NOC Libya"), a company owned by the Libyan government, and Honeywell International, Inc., an American company. He asserts claims for "theft of business plan and industrial strategy," "professional identity theft," and racial discrimination against NOC Libya. (*Id.* at 1–2.) He also seeks to have the Court charge Honeywell with violating "competition law." (*Id.* at 25.) For damages, he seeks $10 billion as well as an additional $5 billion in "moral damage" against NOC Libya. (*Id.* at 23–24.) He also seeks $320 million in damages against Honeywell. (*Id.* at 25.)

Plaintiff alleges that NOC Libya is stealing his business plan because he is a member of the Toubou ethnic group, which has historically been heavily persecuted in Libya. This practice allegedly began when, in the course of operating Murzuq Oil, Plaintiff sought to acquire a French oil refinery called Petroplus in 2013. (*Id.* at 12.) Plaintiff alleges that, in the hope of obtaining a crude oil allocation from the State, he met with Libyan government officials. (*Id.* at 13.) He was ultimately unsuccessful but, in the course of this effort, he shared his business plan "as is standard practice…when requesting funding or other material support." (*Id.* at 21.)

After these meetings, Plaintiff alleges, the chairman of NOC Libya used Plaintiff's company's name in a scheme to embezzle Libyan funds by registering another company by the name of Murzuq Oil Services in London. (*Id.* at 13.) In 2021, he wrote a letter to NOC Libya asking to change this name, but NOC Libya refused. (*Id.* at 21.) He also claims that NOC Libya is using the business plan and proposal he submitted and is ultimately taking his ideas "by implementing [his] strategy and advice without [his] participation." (*Id.*) Specifically, Plaintiff says that "NOC Libya never had the idea to create a representation in Houston. They got this idea from the proposal [he] submitted." (*Id.*)

Plaintiff also names Honeywell as a defendant, a company that NOC Libya hired instead of his company. He believes this occurred because of corrupt and discriminatory practices at NOC Libya. He seeks to charge Honeywell because it allegedly accepted this project. (*Id.* at 24–25.)

## DISCUSSION

### A.    Claims Against Honeywell

Plaintiff provides no facts that the Court can construe as stating a claim against Honeywell. Plaintiff presently only asserts that Honeywell accepted the job that NOC Libya hired it to perform. The complaint makes no allegations that Plaintiff or his company had any

3

involvement with Honeywell at any time, much less that Honeywell violated any provision of law at Plaintiff's expense.

Because Plaintiff's allegations do not allow the Court to draw the inference that Honeywell is liable for any alleged violation of law, *see Iqbal*, 556 U.S. at 678–79, the Court must dismiss his claims against Honeywell. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims Against NOC Libya**

1.      Foreign Sovereign Immunities Act

Plaintiff's claims against NOC Libya are foreclosed by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 *et seq*. The FSIA "is the exclusive source of subject matter jurisdiction in suits brought against a foreign state." *Matar v. Dichter*, 500 F. Supp. 2d 284, 288 (S.D.N.Y. 2007); *see also Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) ("The [FSIA] 'provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country.'") (quoting *Argentine Republic v. Amareda Hess Shipping Corp.*, 488 U.S. 428, (1989)).

Libya is a "foreign state," *see* 28 U.S.C. § 1603(a), and NOC Libya, as a "corporation organized under the laws of . . . Libya, and wholly owned by the Libyan Government," is an "instrumentality" or "subdivision" of a foreign state. *Nat'l Oil Corp. v. Libyan Sun Oil Co.*, 733 F. Supp. 800, 804 (D. Del. 1990); *see* 28 U.S.C. §1603(b). Thus, NOC Libya is entitled to immunity from the jurisdiction of the courts of the United States unless one of the exceptions in section 1605 of the FSIA applies. Plaintiff pleads facts that implicate the commercial activity exception; however, since the commercial activity in question took place outside of the United States, this exception may only apply if the action is based on an activity that has a direct effect in the United States. *See* 28 U.S.C. § 1605(a)(2). An act has a direct effect in the United States when it follows as an "immediate consequence" of the defendant's activity. *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 618 (1992) (changed maturity dates on bonds had a

direct effect in the United States because "[m]oney that was supposed to have been delivered to a New York bank for deposit was not forthcoming.").

Plaintiff has not provided facts indicating that the actions allegedly taken against him by NOC Libya had a direct effect in the United States. The Court is also unable to deduce such an effect from the information Plaintiff provided in his complaint. First, there is no apparent connection between the United States and NOC Libya allegedly (1) embezzling funds under Plaintiff's company name or (2) misappropriating Plaintiff's business plan. Nor can Plaintiff's allegations sustain an FSIA action against NOC Libya for its decision to hire Honeywell, an American company, over Plaintiff's company. While Plaintiff alleges that NOC Libya gave the oil project to Honeywell for corrupt and discriminatory reasons, any effect that this has in the United States is not direct; the decision *to* hire Honeywell does not follow as an "immediate consequence" of the decision *not to* hire Plaintiff's company. *Weltover*, 504 U.S. at 618. Further, Plaintiff has not shown that the alleged discriminatory hiring caused "harm felt in the United States," since the project was given to a United States company rather than to Plaintiff's. *Kensington International v. Itoua*, 505 F.3d 147, 158 (2d Cir. 2007) (foreign creditors' financial losses from prepayment agreements did not cause a direct effect in the United States because prepayment agreements did not require performance in the United States).

Therefore, the claims must be dismissed, as the complaint does not demonstrate that NOC Libya, an agency or instrumentality of a foreign state, is immune under the FSIA from the jurisdiction of the Court. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

    2.    Alien Tort Claims Act

Plaintiff's claims against NOC Libya under the Alien Tort Claims Act, 28 U.S.C. § 1350 ("ATCA"), are also foreclosed. Under the ATCA, the Court may exercise jurisdiction over "any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of

the United States." In *Kiobel v. Royal Dutch Petroleum Co.*, however, the Supreme Court

clarified that the ATCA does not apply to claims where the alleged "violation of the law of

nations occur[red] outside of the United States." 569 U.S. 108, 118 (2013) (holding that the

"presumption against extraterritoriality applies to claims under the ATCA, and that nothing in the

statute rebuts that presumption"). "[I]f all the relevant conduct occurred abroad, that is simply

the end of the matter under *Kiobel*." *Balintulo v. Daimler AG*, 727 F.3d 174, 190 (2d Cir. 2013);

*see also Chowdhury v. Worldtel Bangladesh Holding Ltd.*, 746 F.3d 42, 49-50 (2d Cir. 2014)

(plaintiff's claim brought under the ATCA barred by *Kiobel* because all the relevant conduct set

forth in the complaint occurred in Bangladesh).

Further, the ATCA is limited to actions against "natural persons." *Jesner v. Arab Bank

PLC*, 584 U.S. 241, 266 (2018). The ATCA is "strictly jurisdictional and does not by its own

terms provide or delineate the definition of a cause of action for violations of international law."

*Jesner*, 584 U.S. at 254. Therefore, "absent further action from Congress, it would be

inappropriate for courts to extend [ATCA] liability to foreign corporations." *Id.* at 265–266

(ATCA is limited to actions against "natural persons" because the Torture Victims Protection Act

("TVPA"), an "analogous statute," contains this limitation and the TVPA is "the only cause of

action under the [ATCA] created by Congress rather than the courts.").

The complaint offers no basis for a conclusion that the complained-of activity took place

in the United States. First, Plaintiff alleges that he lived in Paris during the events giving rise to

his claims against NOC Libya. Specifically, he alleges that he "made several trips" to Libya to

obtain "the crude oil allocation that [he] would need to run [his] refinery." (ECF 1 at 12.) In the

course of these meetings, NOC Libya allegedly gained and misappropriated Plaintiff's business

information. It therefore appears that the allegedly tortious conduct at issue occurred outside of

the United States. Moreover, even if Plaintiff could demonstrate that the allegedly tortious conduct he endured occurred in the United States, he would be barred under *Jesner* from sustaining an action against NOC Libya, a foreign corporation. 584 U.S. 241 (2018).

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to amend to allege facts to state either (1) a valid FSIA claim against NOC Libya or (2) a valid claim against Honeywell under any provision of law.

To state a valid FSIA claim against NOC Libya, Plaintiff must either demonstrate that (1) a different exception outlined in section 1605 of the FSIA applies to his case; (2) the commercial activity exception applies because the harm he suffered at the hands of NOC Libya occurred in the United States; or (3) the commercial activity exception applies because the harm Plaintiff suffered caused a direct effect in the United States. To state a claim against Honeywell, Plaintiff must provide facts indicating that Honeywell is liable for harm it caused Plaintiff, and that Plaintiff is, in turn, entitled to relief for that harm. Fed. R. Civ. P. 8; *see Iqbal*, 556 U.S. at 678–79.

If Plaintiff has addresses for Defendants, he must provide them. Plaintiff should provide all information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

a) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

b) a description of the injuries Plaintiff suffered; and

c) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) - (iii). Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-11190 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 8, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State              Zip Code

_____

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                  State                 Zip Code

Defendant 2:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                  State                 Zip Code

Defendant 3:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                  State                 Zip Code

Page 4

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.